**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

SHAKEEM ANTONIO BROXTON, )
                         )
          Petitioner,    )
                         )
v.                       )          CV423-021
                         )
GEORGIA DEPARTMENT OF    )
CORRECTIONS, *et al.*,   )
                         )
          Respondents.   )

## REPORT AND RECOMMENDATION

*Pro se* petitioner Shakeem Antonio Broxton filed a § 2254 petition. *See* doc. 1.  His Petition was transferred from the Middle District of Georgia, doc. 3, but he neither paid the filing fee nor moved to proceed *in forma pauperis* in that court.  The Clerk notified him of the deficiency. *See* doc. 5.  He has responded to the Clerk's Notice by filing a Motion to pursue this case *in forma pauperis.*  Doc. 7.  Review of that request shows that Broxton is not indigent, and his Motion for leave to proceed IFP should therefore be **DENIED**.  Doc. 7.

In his Motion, Broxton states that he has $884.01 "in cash or in a checking or savings account."  Doc. 7 at 2.  In a letter attached to his Motion, he states that he "can pay[,] but [he] guess[es] because [he is]

incarcerated that the process of . . . paying would be intricated [sic]." *Id.*
at 3. He suggests that he will "just go In Forma Pauperis off the simple
fact of being [i]gnorant of the law . . . ." *Id.* It is clear from his Motion,
therefore, that he has more than sufficient funds to pay the $5.00 filing
fee. *See* 28 U.S.C. § 1914(a).

While a plaintiff need not be absolutely destitute in order to
proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948),
the fact that financing his own litigation may cause some difficulty is not
sufficient to relieve a plaintiff of his obligation to pay his own way where
it is possible to do so without undue hardship. *Thomas v. Secretary of
Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the
Court has wide discretion in ruling on IFP application). Two important
points must again be underscored. First, proceeding IFP is a privilege,
not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's
Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have
discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. §
1915(a)(1) (courts "*may* authorize the commencement"
of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see
also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003)

(no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).   Given Broxton's admitted ability to pay the required filing fee, he is not indigent.   Accordingly, his application to proceed *in forma pauperis* should be **DENIED**.   Doc. 7.   Should the assigned district judge agree with this recommendation, Broxton should be afforded 21 days from the date of the district judge's order to pay the filing fee.   *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 22st day of February, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA