# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SHAKEEM ANTONIO BROXTON, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CV423-021 |
| GEORGIA DEPARTMENT OF CORRECTIONS, and JOHNSON STATE PRISON, | ) ) ) ) ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Shakeem Antonio Broxton filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. *See* doc. 1. His request to proceed *in forma pauperis* was denied, doc. 10, and he paid the required filing fee, *see* docket entry dated May 2, 2023. As discussed below, since it appears from the face of his Petition that it is unexhausted and seeks relief that is not available in a § 2254 proceeding it should be **DISMISSED**.[1] *See* Rule 4, Rules Governing Section 2254 Cases ("If it

---

[1] Broxton's Petition names the Georgia Department of Corrections and Johnson State Prison, where he is incarcerated, as the Respondents. *See* doc. 1 at 1. The proper respondent in a § 2254 petition is "the state officer who has custody" of the petitioner.

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Broxton's Petition discloses that he was convicted in the Superior Court of Chatham County in August 2021. *See* doc. 1 at 1. He did not appeal. *Id.* at 2. Nor did he seek any further review in any state court. *Id.* at 2-3. He asserts two grounds for relief. *See id.* at 5-8. First, he objects that he is currently in custody based on an "illegal" probation revocation. *See id.* at 5. He characterizes his current incarceration as "double jeopardy." *Id.* He is clear that he did not raise that issue on direct appeal or through any post-conviction proceeding in state court. *Id.* at 6. He also includes in Ground One an allegation of a "double jeopardy tort claim" and a "mis-malegal [sic] practice tort claim." Doc. 1-1 at 2-3. His second "ground" asserts a "false imprisonment tort claim." Doc. 1 at 7. He later again refers to his alleged "false imprisonment."

---

Rule 2(a), Rules Governing § 2254 Cases. The Court might grant him an opportunity to amend to name his custodian as respondent. *See Retic v. United States*, 215 F. App'x 962, 965 (11th Cir. 2007) (citing *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973)). Since, as discussed below, it is clear that the grounds asserted in Broxton's' Petition are unexhausted and improper, the issue of naming the proper respondent is moot.

Doc. 1-1 at 3.  Finally, he has submitted a "Memorandum" that asserts "double-jeopardy, mis-malegal [sic] practice, false imprisonment, indirect inflicted emotional distress, and pain and suffering tort claims."  Doc. 1-2 at 1.  He seeks "immediate release" as relief on Ground One, referred to as "the double jeopardy tort claim" and monetary damages on the other tort theories totaling approximately $153,000.  Doc. 1 at 15.

Broxton's various claims for monetary damages can be resolved with dispatch.  Monetary relief is not available in a habeas case.  *See, e.g., Furnace v. Giurbino*, 838 F.3d 1019, 1026 (9th Cir. 2016) ("Habeas, by its very nature, is an action to challenge 'the fact or length of custody' for which the remedy is release from custody, *Wolff v. McDonnell*, 418 U.S. 539, . . . (1974); it is not action in damages, *Preiser v. Rodriguez*, 411 U.S. 475, 494 . . . (1973)."); *Pugh v. Olsen*, 2019 WL 4439502, at *1 (S.D. Ga. May 23, 2019) (plaintiff must "file any claim for monetary relief as a separate § 1983 action.").  To the extent that Broxton seeks monetary damages, under any legal theory, he must file a separate civil action.  Since monetary relief is not available in the § 2254 proceeding, his various "tort" claims should be **DISMISSED**.

To the extent that Broxton seeks immediate release, his claims might be cognizable under § 2254.[2] Before seeking § 2254 relief petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Broxton's Petition is clear that he has not presented his "double jeopardy" claim to any state court. *See generally* doc. 1. Broxton must *fully* exhaust his "right under the law of the State to raise, by *any* available procedure, the question

---

[2] To the extent that Broxton challenges the calculation of his release date by the Department of Corrections, or other state agency, his claims might be more appropriately construed pursuant to 28 U.S.C. § 2241. *Cf. Alford v. Adams*, 2020 WL 4912557, at *1 (S.D. Ga. June 5, 2020) (state prisoner's habeas petition challenging "improper calculation of his sentence and release date," filed pursuant to § 2254, was "recharacterized . . . as one seeking relief pursuant to 28 U.S.C. § 2241.") Section 2241 petitions are subject to the same exhaustion requirement as § 2254 petitions, discussed below. *See, e.g., Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." (citation omitted)).

presented." 28 U.S.C. § 2254(c) (emphasis added).[3] Broxton's failure to exhaust state remedies, therefore, warrants dismissal of his petition.

Since Broxton's § 2254 petition seeks unavailable monetary relief and is unexhausted it should be **DISMISSED without prejudice**.[4] This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

---

[3] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[4] Given that the grounds asserted in Broxton's Petition are unexhausted, dismissal without prejudice is appropriate. *See, e.g., Reedman*, 305 F. App'x at 546 (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion.").

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this 4th day of May, 2023.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia